**UNITED STATES of America**

**v.**

**Richard DAVIS, Appellant.**

**No. 09–2981.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 7, 2010.

Filed: Oct. 13, 2010.

George S. Leone, Esq., Steven G. Sanders, Esq., Office of United States Attorney, Newark, NJ, Laurie Snyder, Esq., United States Department of Justice, Washington, DC, for Appellee.

Richard Davis, Brooklyn, NY, pro se.

Pasquale F. Giannetta, Esq., Wayne, NJ, for Appellant.

Before: FUENTES, JORDAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Richard Davis appeals a June 15, 2009, judgment of the United States District Court for the District of New Jersey sentencing him to 30 months' imprisonment and three years' supervised release. His attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's order.

## I. Background

On January 8, 2009, stemming from his participation in a check cashing scheme, Davis was indicted for conspiracy to steal and convert United States Treasury checks valued in excess of $1,000, in violation of 18 U.S.C. §§ 371 and 641. He later entered into a plea agreement, pursuant to which he stipulated that his offense had caused a loss of between $10,000 and $30,000 and that the offense involved the unauthorized use of means of identification to unlawfully produce other means of identification.[1] The plea agreement also provided that Davis waived his right to appeal his sentence based on those stipulations.

At the change of plea hearing, the District Court confirmed that Davis had read and understood the plea agreement and conferred with counsel regarding its provisions, including the stipulations and the related appellate waiver. After confirming that Davis's guilty plea was knowing, vol-

---

1. The record does not include a copy of the plea agreement. Accordingly, in ascertaining the plea agreement's terms, we rely on the record in the District Court, including references to the agreement made in the Presentence Investigation Report.

untary, and supported by the facts, the District Court accepted the plea.

In a presentence investigation report ("PSR"), the Probation Office determined that Davis's offense resulted in a total offense level of 12 and that his criminal history placed him in category VI, which resulted in a Sentencing Guidelines range of 30 to 37 months' imprisonment. The total offense level calculation included a four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(C) (the " 'amount of loss' enhancement") based on Davis having caused a loss between $10,000 and $30,000, a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(ii) (the " 'means of identification' enhancement") based on Davis having possessed five or more means of identification that were unlawfully produced from another means of identification,[2] and a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) (the " '10 or more victims' enhancement") based on Davis's offense involving 10 or more victims. Davis filed *pro se* objections to those enhancements.

At a June 15, 2009, sentencing hearing, the District Court overruled Davis's objections regarding the "amount of loss" enhancement and the "means of identification" enhancement, reasoning that Davis had stipulated to facts in the plea agreement supporting both enhancements. With respect to the "10 or more victims" enhancement, the District Court sustained Davis's objection, reasoning that Davis's limited role in the conspiracy made it inappropriate to attribute so many victims to his offense. Removing that enhancement from the sentencing calculation resulted in a total offense level of 10 and a Guideline range of 24 to 30 months' imprisonment. After discussing Davis's work and significant criminal history, the sentencing calculations for his co-conspirators, and the "lack of deterrence that prior custodial sentences [had] accomplished," the District Court sentenced Davis to a prison term of 30 months—the top of the Guidelines range. (*Id.* at 47.)

On June 20, 2009, Davis filed a timely *pro se* appeal of his sentence. In his notice of appeal, Davis raised the argument that the findings underlying the means of identification enhancement had not been substantiated in the PSR or at the sentencing hearing. Davis's counsel subsequently moved to withdraw and filed a supporting Anders brief. Davis did not file a *pro se* brief.

## II. Discussion[3]

Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

---

**2.** The "means of identification" enhancement can apply under a variety of circumstances, including when the offense involves "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification" [ (the " 'unauthorized use' scenario") ] or when the offense involves "the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification" [ (the " '5 or more means' scenario") ]. U.S.S.G. § 2B1.1(b)(10). Here, the PSR cites the "5 or more means scenario" as the basis for applying the "means of identification" enhancement. This is curious, since Davis's stipulation—that his "offense involved the unauthorized use of means of identification unlawfully to produce other means of identification" (PSR ¶ 55(*l*)(b))—clearly supports applying the enhancement on the basis of the "unauthorized use" scenario. However, whether the PSR cited the "5 or more means" scenario intentionally or by mistake in applying the enhancement does not matter, since, as we note hereafter, the District Court correctly applied the enhancement based on Davis's stipulation.

**3.** The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin,* 211 F.3d 778, 779 (3d Cir.2000). We exercise plenary review to determine whether there are any such issues. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. *See United States v. Schuh,* 289 F.3d 968, 974–76 (7th Cir.2002).

We implement *Anders* through our Local Appellate Rule ("L.A.R.") 109.2(a), which provides, in relevant part, as follows:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se.... If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a) (2010). We ask two principal questions when counsel proceeds under *Anders:* whether counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a), and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

With respect to the first question, whether counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a) often turns, as it does here, on the adequacy of counsel's supporting brief. To be adequate under L.A.R. 109.2(a), an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Id.;* (2) identify issues that might arguably support appeal, *see Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); and (3) "explain why th[ose] issues are frivolous[,]" *Marvin,* 211 F.3d at 780. "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record. *Youla,* 241 F.3d at 300.

With respect to the second question, we review the record to determine whether the appeal is frivolous, that is, whether it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Where the *Anders* brief is adequate, we confine our review to portions of the record implicated by the *Anders* brief. *Youla,* 241 F.3d at 301. Where the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id.* Regardless of the adequacy of the *Anders* brief, we may affirm the District Court without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman,* 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

### A. Adequacy of the Anders Brief

■ Here, the *Anders* brief identifies two issues as arguably not frivolous: whether Davis's guilty plea was knowing and voluntary, and whether Davis's top-of-range sentence was unreasonable. However, in analyzing whether the plea was knowing and voluntary, counsel appears to have evaluated the District Court's plea colloquy based on his memory of the proceeding rather than a review of the record. More troubling, in analyzing whether the sentence was unreasonable, counsel seems

to have misinterpreted the plea agreement, asserting that Davis had, under the plea agreement, waived his right to appeal his sentence if the sentence was within the agreed upon Guidelines range. It appears instead that the appellate waiver in the plea agreement precludes Davis only from challenging his sentence to the extent it is based on the factual stipulations in the plea agreement. The *Anders* brief also fails to discuss the "means of identification" issue that Davis raised in his notice of appeal. Given these faults, we cannot say that the *Anders* brief was the product of a conscientious examination of the record or that it accurately explained why the issues on appeal are frivolous. Accordingly, we conclude that counsel's *Anders* brief is inadequate.

### B. *Nonfrivolous Issues to Appeal*

Because the *Anders* brief is inadequate, we expand our search for nonfrivolous issues beyond the portions of the record implicated by the *Anders* brief.[4] Our search reveals that Davis's appeal is indeed patently frivolous.

### 1. *Davis's Guilty Plea*

█ The record does not reveal any infirmity in Davis's guilty plea. To withstand challenge, a guilty plea must comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, which embodies the "constitutional requirement that a guilty plea be 'knowing' and 'voluntary.'" *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006). A defendant asserting a Rule 11 error for the first time on appeal must show plain error, that is, error that is plain or obvious and that affects his substantial rights. *United States v. Goodson*, 544

F.3d 529, 539 (3d Cir.2008). Such error can be the basis for relief on appeal if failing to correct it would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citations omitted). Here, the guilty plea met the necessary legal requirements. The District Court addressed Davis personally in open court and confirmed that he understood the rights he was forfeiting, that he understood the terms of his plea agreement, and that he was pleading guilty knowingly and voluntarily. Given the District Court's thorough colloquy, we find no error and thus no nonfrivolous basis upon which Davis may challenge his guilty plea.

### 2. *Davis's Sentence*

█ As with the guilty plea, the record does not reveal any infirmity in Davis's sentence. We review the District Court's sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). With respect to sentencing-related factual findings, our review for abuse of discretion is effectively a review for clear error. *See id.* at 217 ("[I]f the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous.") Here, the record reveals no procedural or substantive error. The District Court did not miscalculate the Guidelines range, treat the Guidelines as mandatory, or fail to consider the 18 U.S.C. § 3553(a) factors.[5] Nor do we per-

---

**4.** Davis's notice of appeal raises an argument that "provide[s] this Court with some guidance concerning the issues he wishes to raise on appeal," *Youla*, 241 F.3d at 301, and we

have thus considered the portions of the record implicated by the notice.

**5.** The District Court need not have discussed and made findings as to each of the § 3553(a)

ceive any error in the District Court's finding that Davis's offense involved means of identification sufficient to apply the "means of identification" enhancement,[6] since that finding is based on Davis's own stipulation.[7] There is simply no procedural error on this record. Likewise, there is no substantive error. Our review of the substantive reasonableness of a sentence is, "to a great degree, deferential." *Wise*, 515 F.3d at 218. Because the District Court imposed a sentence within the properly calculated Guidelines range that took into account, *inter alia*, the sentencing calculations for Davis's co-conspirators, Davis's extensive criminal history, and the failure of previous custodial sentences to deter Davis's recidivism, there was no abuse of discretion. The record, then, presents no nonfrivolous basis upon which Davis may appeal his sentence.

## III. Conclusion

For the foregoing reasons, we grant the motion to withdraw and affirm the District Court's judgment.

---

factors, as long as the record reveals that they were meaningfully considered. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). Here, the District Court's discussion of Davis's history and characteristics, the circumstances surrounding his offense, the need to provide specific deterrence given Davis's recidivism, and the need to avoid unwarranted sentencing disparities with those of Davis's co-conspirators satisfies its obligation under § 3553(a).

6. Davis's stipulation regarding his unauthorized use of means of identification clearly supports the application of the "means of identification" enhancement. The fact that the District Court, during sentencing, referred to the "means of identification" enhancement as the "five or more means" enhancement is

of no moment because, even though the "five or more means" reference invokes facts to which Davis had not stipulated, it is clear from the record that the District Court and the parties understood the "five or more means" reference as shorthand for the "means of identification" enhancement.

7. Although we address this argument raised in Davis's notice of appeal, we note that it falls within the scope of his appellate waiver, a waiver to which he knowingly and voluntarily agreed and that does not work injustice when applied here. *See United States v. Corso*, 549 F.3d 921, 927 (3d Cir.2008) (citing *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir.2007), and *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir.2008)).